# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT

#### FOR THE

## COUNTIES OF BRISTOL AND NEWPORT, DURING THE FALL CIRCUIT, 1869.

PRESENT :

HON. GEORGE A. BRAYTON, CHIEF JUSTICE.
HON. THOMAS DURFEE, } JUSTICES.
HON. ELISHA R. POTTER, }

---

## BRISTOL COUNTY, SEPTEMBER TERM, 1869.

---

### IN THE MATTER OF PATRICK HAMMEL.

H., summoned before a town council to testify as a witness in a case pending before them, was committed to jail for contempt in refusing to testify. Upon application to the Supreme Court for a writ of *habeas corpus*, *held*, that he must be discharged because no definite term of punishment was named in the warrant of commitment.

APPLICATION for a writ of *habeas corpus* by Patrick Hammel, to relieve him from imprisonment in the Bristol county jail,

In the Matter of Patrick Hammel.

where he stood committed by virtue of a mittimus issued by order of the town council of the town of Bristol. The application was argued to the court upon the following agreed statement of facts :—

The petitioner, Hammel, was duly summoned to appear before the town council of Bristol to testify in a matter pending before that body ; he appeared before them in pursuance of said summons, and being put on the stand absolutely refused to take an oath or affirmation; whereupon the council ordered him committed to jail for contempt of court, which order was executed by the town sergeant without written process; · immediately afterwards a mittimus was issued in due form of law directed to the sheriff, his deputies, or the town sergeant or constables, or to the keeper of the Bristol county jail. The mittimus was signed by the council clerk, and bore the official seal of the council.

*Turner, for the petitioner*, contended, 1st, that town councils have no power to punish for contempt of court, the authority being vested in the state courts. 2d. That the mittimus was void and illegal, inasmuch as no definite term of punishment was named, but it directed the prisoner to be held in prison until further order of the court. 3d. That the officer had no power to commit without written process.

*The Attorney General, Willard Sayles, Esq., contra.*

THE COURT held that the mittimus was illegal, for the reason that no definite term of punishment was named therein, and without passing upon the other questions raised by the petitioner, ordered that he be

*Discharged.*